http://www.va.gov/vetapp16/Files4/1630499.txt

Citation Nr: 1630499 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 09-21 685 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUE

Entitlement to service connection for cysts on the lung.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel

INTRODUCTION

The Veteran served on active duty from June 1979 to August 1979, February 1985 to June 1992, and from May 2003 to May 2004. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In April 2012, the Veteran testified at a personal hearing which was chaired by the undersigned at the Board's offices in Washington D.C. A transcript of the hearing has been associated with the Veteran's claims file.

The Board previously considered this appeal in September 2012 and remanded the claim for additional development.

In a January 2016 decision, the Board denied the issue on appeal. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (Court). In an May 2016 Order pursuant to a Joint Motion for Partial Remand (JMPR) filed by the Veteran and the Secretary (parties), the Court, in part, vacated and remanded the Board's decision. 

The Board also notes that the Veteran perfected claims for service connection for obstructive sleep apnea, allergic rhinitis and chronic sinusitis and has requested a Board hearing to be held at the VA Central Office in Washington, DC to address these issues. As a result, these issues will be the subject of a separate decision.

Additionally, in April 2016, the Veteran filed a timely notice of disagreement (NOD) regarding the RO's February 2016 rating decision which granted service connection for fibromyalgia at an initial 10 percent rating, effective October 3, 2008. This issue is not yet before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.
REMAND

The Board finds that more development is necessary prior to final adjudication of the claim on appeal.

The Veteran testified that he believes his current lung problems are related to his exposure to munitions explosions and oil well fires while serving in Southwest Asia. He also relates his symptoms to the anthrax vaccine he received in service. 

The Veteran underwent a VA examination in March 2013. Chest x-rays were conducted and findings were not consistent with acute cardiopulmonary disease. The VA examiner determined that any lung condition was less likely than not incurred in or caused by service as there was no evidence of a chronic lung disorder and no evidence of scarring or cystic changes associated with the lungs. 

In the January 2016 decision, the Board denied entitlement to service connection for cysts on the lung on the basis that the Veteran did not have a current cysts on the lung disability as determined by the March 2013 VA examiner.

As noted by the JMPR, the current disability requirement is satisfied when a claimant has a disability at the time of filing the claim or during the pendency of that claim, even if the disability has since resolved. See McLain v. Nicholson, 21 Vet. App. 319 (2007). 

An April 2012 chest X-ray report documented that the Veteran's lungs were hyperexpanded which was interpreted as suggesting a component of underlying chronic obstructive pulmonary disorder (COPD). This report also noted that there were interstitial markings which suggested underlying interstitial lung disease. 

Notably, while the March 2013 VA examiner determined that any lung condition was less likely than not incurred in or caused by service as there was no mention of scarring or cystic changes associated with the lungs, the examiner did not acknowledge or discuss the April 2012 X-ray report which indicated that there were interstitial markings which suggested underlying interstitial lung disease.
Thus, the Board finds that the evidence currently of record is insufficient to resolve the claim for entitlement to service connection for a cysts on the lung disability, and that a further medical examination and opinion in connection with this claim is necessary for a fully informed evaluation of the claim on appeal. Green v. Derwinski, 1 Vet. App. 121, 124 (1991); 38 C.F.R. § 3.159(c) (4).

The examiner should, if possible, provide the requested nexus opinion based on any currently diagnosed lung disability diagnosed during the appeal period even if the previously diagnosed disorder has resolved. McClain, 21 Vet. App. at 321.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disability on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. 

Appropriate efforts must be made to obtain all available VA treatment records. All attempts to procure records should be documented in the file. If the AMC/RO cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow her the opportunity to obtain and submit those records for VA review.

2. Return the claims file to the examiner that examined the Veteran for his claimed cysts on the lung disability in March 2013. If that examiner is not available, return the file to another examiner with the appropriate knowledge and expertise. If the new examiner feels that physical examination is necessary, such examination should be scheduled. 

The examiner should provide opinions with respect to the following:

(i) Does the Veteran have a current lung disability, to include one manifested by cysts of the lung?

The examiner should specifically address the April 2012 chest X-ray report, which documented that the Veteran's lungs were hyperexpanded which was interpreted as suggesting a component of underlying chronic obstructive pulmonary disorder (COPD). This report also noted that there were interstitial markings which suggested underlying interstitial lung disease. The examiner should address whether this report represents that a disability was present at the time of the report.

(ii) Is it at least as likely as not (e.g., a 50 percent or greater probability) that any current lung disability, to include one manifested by cysts of the lung, had its clinical onset in service or is otherwise related to active duty. The examiner should address the Veteran's contention that he has a lung disability as a result of exposure to munitions explosions and oil well fires while serving in Southwest Asia from October 1990 to April 1991 and as the result of anthrax vaccinations given in 1991.

In formulating this opinion, the examiner should also specifically address whether it is at least as likely as not that the April 2012 chest X-ray report which noted that the Veteran's lungs were hyperexpanded which was interpreted as suggesting a component of underlying COPD, as well as the findings of interstitial markings which suggested underlying interstitial lung disease, is etiologically related to his military service.

Adequate reasons and bases for any opinion rendered must be provided. All studies deemed appropriate in the medical opinion of the examiner should be performed, and all the findings should be set forth in detail. The claims file should be made available to the examiner, who should review the entire claims folder in conjunction with this examination. 

3. After completion of the above and any additional development deemed necessary, the issue on appeal should be reviewed with consideration of all applicable laws and regulations. If the benefit sought remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).